UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC H. BASS,

        Plaintiff,

    v.

E. TOOTELL, Chief Medical Officer; et al.,

        Defendants.
                                      /

No. C 11-3102 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Eric H. Bass, an inmate currently in the Solano County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining about conditions at San Quentin State Prison, where he formerly was incarcerated. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Bass alleges the following in his complaint.

Bass broke his hand in a fight on April 10, 2010 and was arrested two days later, at which time he was given Motrin for pain and his hand was x-rayed. He then was transferred to San Quentin State Prison on April 17, 2010, where he was seen by Dr. Alvarez, who continued his Motrin and ordered a splint for his hand. Bass allegedly submitted several sick call slips in April - May 2010; nurse Paley initially told him that there was nothing she could do and later refused to allow him access to doctors.

On June 1, 2010, Bass had a chronic care appointment with Dr. Espinoza for his hepatitis C, and complained about his hand. Dr. Espinoza asked why Bass was not wearing the splint, and Bass explained that it had been confiscated about ten days earlier by an unknown correctional officer as a security risk. Dr. Espinoza ordered an x-ray of the hand. The next day, Dr. Grant discussed the results of the x-ray with him and told him an operation was necessary on the hand. Dr. Grant said he would schedule an appointment with an orthopedic specialist and had a nurse put Bass' hand back into a splint.

The appointment with the orthopedic specialist did not occur. Bass learned about a month later from Dr. Espinoza that chief medical officer Elena Tootell had "bumped" him off the list for an orthopedic consultation and that was why he did not receive a consultation in timely fashion. (Docket # 1 (Complaint) at 7.) Another appointment was scheduled for July 17, 2010, but Bass missed it because he was out to court that day. He returned to prison the next week and was unable to get a new appointment with Dr. Espinoza.

On August 18, 2010, Bass paroled from prison. He does not allege whether he sought any medical care during his time out of prison. On September 22, 2010, Bass returned to prison and again tried to obtain treatment for his hand. About two weeks later, he saw an orthopedist who told him that, due to the delay in treatment, Bass' hand "has healed in a way that he cannot recommend any further treatment". (*Id.* at 7.)

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that

2

a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Accordingly, evaluating a claim of deliberate indifference necessitates examining "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Estelle*, 429 U.S. at 104). A prison official exhibits deliberate indifference when he or she knows of and disregards a substantial risk of serious harm to inmate health. *See Farmer*, 511 U.S. at 837.

Giving the *pro se* complaint the liberal construction to which it is entitled, it appears that Bass has stated a cognizable § 1983 claim against several defendants for deliberate indifference to his medical need for treatment of his broken right hand. He has adequately linked chief medical officer Elena Tootell, who allegedly interfered with him getting an appointment with an orthopedic specialist; Dr. Alvarez, Dr. Espinoza, and Dr. Grant, who allegedly failed to get him the needed appointment with the orthopedic specialist and otherwise properly treat his hand; and nurse Paley, who allegedly failed to provide care for Bass' pain and impeded his efforts to see a doctor to have his hand treated.

The "unknown correctional officer" defendant, who is essentially a Doe defendant, will be dismissed. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of*

*Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. Plaintiff does not provide a true name for this person nor does he explain why he did not obtain that individual's true name in the many months before he filed this action (including some time when he was not in custody). This does not appear to be a situation where the defendant's name could not be known prior to Bass filing this action. Additionally, the complaint does not allege a cognizable claim for deliberate indifference to serious medical needs by the "unknown correctional officer," who allegedly confiscated the splint as a security breach. The complaint has no allegations that the correctional officer knew of and disregarded a serious medical need when he allegedly confiscated the splint during a search at the prison. The dismissal of this defendant is without prejudice to plaintiff amending his complaint (before the claims are adjudicated as to the other defendants) or bringing a new action against this defendant if he ever learns his true name and can allege a claim against him.

## CONCLUSION

1. The complaint states a cognizable § 1983 claim against defendants Tootell, Alvarez, Espinoza, Grant, and Paley for deliberate indifference to plaintiff's serious medical needs. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following persons, all of whom apparently work in the health care services department at San Quentin State Prison:

- Elena Tootell (chief medical officer)
- Dr. Alvarez
- Dr. Espinoza
- Dr. Grant
- nurse M. Paley

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **January 13, 2012**, defendants must file and serve a motion

4

for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **February 17, 2012**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

   c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **March 2, 2012**.

   4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to

defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or released from custody.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

8. Plaintiff sent a letter inquiring about the ECF program, for which he received a notice. As a prisoner proceed *pro se*, he does not need to file documents electronically. He may file and serve paper copies of his documents, and a paper copy of any filing by defendants or order from the court will be mailed to him.

IT IS SO ORDERED.

Dated: October 24, 2011

_____
SUSAN ILLSTON
United States District Judge