UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC H. BASS, | No. C 11-3102 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| E. TOOTELL, Chief Medical Officer; et al., | |
| Defendants. | |

Plaintiff requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED. (Docket # 12.)

In the document in which he requested appointment of counsel, plaintiff also made several other inquiries. He inquired as to what he was to do in response to defendants' demand for a jury trial. There is no response necessary to a jury trial demand. Plaintiff also inquired whether he needed to let defense counsel know of his address change. The answer to that is an emphatic "yes" – plaintiff must send to defense counsel a copy of every document he files in this action, including any notice of change of address form. Plaintiff also inquired as to how he should do discovery. The court does not do discovery for litigants or advise them as to how to

do discovery. A plaintiff may conduct depositions, but is cautioned that he must pay (and the court does not waive) the costs associated with this and other discovery. The cost for a deposition is the cost of a court reporter (for which plaintiff must make arrangements and pay), plus a witness fee of $40.00 per day plus actual transportation expenses. See 28 U.S.C. § 1821. Due to the cost of conducting depositions, many pauper litigants find it easier to try to obtain discovery through several other discovery methods available under the Federal Rules of Civil Procedure. Some examples: if plaintiff wants written responses from a defendant, he can send a set of interrogatories (Rule 33); if he only wants one-word answers (i.e., admission or denial) from a defendant, he can send a request for admissions (Rule 36); if he wants documents from a defendant, he can send a request for production of documents (Rule 34); if he wants to ask questions in person, he can conduct an oral deposition of a party (Rule 30); and if he wants testimony or documents from a non-party, he can subpoena them for a deposition (Rules 30, 45). (Of course, plaintiff must pay for copying charges for documents produced if he wants copies, and must pay witness fees and other expenses related to depositions and service of subpoenas.) Those are the basic discovery tools available to a litigant. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses.

Defendants filed an *ex parte* request for a 90-day extension of time to file a dispositive motion. Upon due consideration of the request and the accompanying declaration of attorney Matthew Grigg, the court GRANTS the request. (Docket # 11.) The court now sets the following new briefing schedule for dispositive motions: Defendants must file and serve their dispositive motion no later than **April 13, 2012**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **May 18, 2012**. Defendants must file and serve their reply brief (if any) no later than **June 1, 2012**.

IT IS SO ORDERED.

Dated: January 10, 2012

_____
SUSAN ILLSTON
United States District Judge

2