IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC H. BASS,

        Plaintiff,

  v.

E. TOOTELL, et al.,

        Defendants.
                                        /

No. C 11-03102 YGR (PR)

**ORDER DIRECTING PLAINTIFF TO SHOW CONTINUED INTENT TO PROSECUTE THIS ACTION**

    Plaintiff filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983.

    Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) (docket no. 17). Defendants allege that Plaintiff was paroled from San Quentin State Prison on February 2, 2012. To date, Plaintiff has not updated his current address as the Court had directed him to do so in its October 21, 2011 Order of Service. The Court also informed Plaintiff that the failure to keep the Court informed of any change of address would result in the dismissal of this action for failure to prosecute pursuant to Rule 41(b). (Oct. 21, 2011 Order at 6.)

    Pursuant to Rule 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A district court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may, without prejudice, dismiss a complaint or strike an answer when: (1) mail directed to the attorney or the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to

receive within sixty days of this return a written communication from the attorney or *pro se* party indicating a current address. *See* L.R. 3-11(b).

In the instant case, the Court has been informed that Plaintiff was paroled on February 2, 2012. As mentioned above, Plaintiff has failed to provide the Court with his current address. Furthermore, it has been almost than two and a half months since Plaintiff has communicated with the Court. Plaintiff filed a letter on December 21, 2011, and he has not communicated with the Court since that date. Accordingly, it is in the interests of justice and judicial efficiency for the Court to establish whether Plaintiff intends to continue to prosecute this action, or to confirm that Plaintiff has been paroled from San Quentin State Prison.

In light of the foregoing, the Clerk of the Court shall send a copy of this Order to Plaintiff at his address on file: **Eric H. Bass, T-34787, San Quentin State Prison, San Quentin, California 94974.**

If Plaintiff is still housed at San Quentin State Prison, he shall file with the Court a notice indicating his continued intent to prosecute no later than **thirty (30) days** from the date of this Order. Failure to timely do so shall result in **dismissal of this action without prejudice** under Rule 41(b).

If Plaintiff has, in fact, been paroled, and this Order is returned as undeliverable, the Court will grant Defendants' motion to dismiss this action pursuant to Rule 41(b).

IT IS SO ORDERED.

DATED: March 14, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**