IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC H. BASS, | No. C 11-03102 YGR (PR) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS; SETTING NEW DISCOVERY DEADLINES AND NEW BRIEFING SCHEDULE; AND ADDRESSING PLAINTIFF'S PENDING MOTIONS** |
| vs. | |
| E. TOOTELL, et al., | |
| Defendants. | (Docket nos. 17, 26, 30, 32, 36) |

Plaintiff, a state prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He alleges that five San Quentin State Prison (SQSP) healthcare providers exhibited deliberate indifference to his serious medical needs.

On October 24, 2011, the Court issued an Order of Service upon finding that Plaintiff's complaint stated a cognizable deliberate indifference claim against five SQSP healthcare providers. (Oct. 24, 2011 Order of Service at 2-4.) All other claims were dismissed. In that Order, the Court also directed Plaintiff to keep his address updated with the Court. The Court informed Plaintiff that the failure to keep the Court informed of any change of address would result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*Id.* at 6.)

On February 2, 2012, Plaintiff was paroled from SQSP. He did not, however, provide the Court with his current address.

**I.     Defendants' Motion to Dismiss**

On February 22, 2012, Defendants filed a motion to dismiss pursuant to Rule 41(b) (docket no. 17). In their motion, Defendants ask the Court to dismiss Plaintiff's case because of his failure to update his address with the Court as required by Rule 41(b).

On March 14, 2012, the Court issued an Order directing Plaintiff to update his address and to show continued intent to prosecute the action. (Mar. 14, 2012 Order at 1-2.) On April 10, 2012, Plaintiff filed a notice of change of address. His notice of change of address form indicates that he is

now incarcerated at Solano County Jail (SCJ). (Pl.'s Notice of Change of Address at 1.) On April 26, 2012, Plaintiff filed a notice showing continued intent to prosecute this action (docket no. 25).

Because Plaintiff has indicated that he wishes to pursue this action, and because he has provided his current address, the Court DENIES Defendants' motion (docket no. 17) pertaining to the dismissal of Plaintiff's case pursuant to Rule 41(b).

## II.     Plaintiff's Pending Motions

Also before the Court are Plaintiff's motion for an extension of time to respond to discovery (docket no. 26), his motion to postpone his deposition (which Defendants duly noticed for June 6, 2012) (docket nos. 30, 36), his second motion for appointment of counsel (docket no. 32), and his requests for the Court's Local Rules regarding alternative dispute resolution (docket nos. 31, 33) as well as a "complete copy of his case file" (docket nos. 28, 34).

First, on April 26, 2012, Plaintiff requested an extension of time in which to respond to Defendants' written discovery requests, which appear to include requests for admission as well as requests for the production of documents and interrogatories. Defendants filed a non-opposition to Plaintiff's request, and stated they "will not move to compel as long as Plaintiff provides full, complete verified responses to outstanding discovery requests no later than May 28, 2012." (Defs.' May 2, 2012 Non-Opposition at 1.) Since filing their non-opposition, Defendants have not filed a motion to compel discovery. However, on May 29, 2012, Plaintiff filed a letter to the Clerk of the Court requesting for the Clerk to "inform [him] of the discovery deadline," which the Court will construe as a second request for an extension of time to respond to Defendants' written discovery requests (docket no. 35). While Plaintiff has, in essence, already received close to a two-month extension of time to respond to discovery requests, the Court finds that another brief extension is warranted. Plaintiff's request for an extension of time is GRANTED. Plaintiff must respond to Defendants' written discovery requests within **fourteen (14) days** from the date of this Order.

Plaintiff also requests that the Court postpone his deposition, which was scheduled to occur at SCJ on June 6, 2012. As support for his request, he cites his need to further prepare for his deposition and his desire to retain counsel to represent him during the deposition. The Court notes

1  that Plaintiff has also filed a second request for appointment of counsel.  The Court has previously

2  denied Plaintiff's first request for appointment of counsel, stating:

> A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances.  *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.*  Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1).  Here, exceptional circumstances requiring the appointment of counsel are not evident.

(Jan. 10, 2012 Order at 1.)  For the same reasons outlined in its previous denial, the Court DENIES his second request for appointment of counsel (docket no. 32).  Plaintiff is, of course, permitted to attempt to retain counsel with his own resources.  The Court will not, however, postpone his deposition indefinitely in order for him to do so.  Plaintiff's complaint has been pending since June 23, 2011.  He has had adequate time to retain counsel and to prepare for his deposition.  To the extent that Plaintiff seeks to have counsel represent him as his deposition, such request is also denied for the reasons set forth above.  The Court directs the parties to schedule another deposition of Plaintiff, as provided below.  A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal.  *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  Thus, Plaintiff shall attend Defendants' properly noticed deposition, even if he is not represented by counsel.

Defendants submit that Plaintiff's request to postpone his deposition is moot because they have since "agreed to postpone the deposition to July."  (Defs.' June 1, 2012 Non-Opposition at 1.)  Accordingly, Plaintiff's request to postpone his deposition (docket nos. 30, 36) is DENIED as moot.

Plaintiff also requests a copy of the Court's Local Rules regarding alternative dispute resolution (docket nos. 31, 33).  This request is DENIED as premature.  If a Pretrial Order proves necessary in this case, this material will be sent to the parties at that time.

Finally, Plaintiff requests a "complete copy of his case file" (docket nos. 28, 34) in order to be appraised of the current status of his case.  This request is GRANTED in part and DENIED in part. The Clerk of the Court is hereby directed to send him a copy of his docket sheet with this Order.  The Clerk shall also enclose a form for Plaintiff to request copies of a specific document from his case file and make a payment for such copies.  Plaintiff may then submit the enclosed form

3

requesting copies and his payment to the Clerk. Once payment is received, the Clerk will send Plaintiff copies of the documents he requests.

### III. Defendants' Motion for Extension of Time to File Dispositive Motion

On January 1, 2012, Defendants filed their first request for a ninety-day extension of time, up to and including April 13, 2012, to file a dispositive motion. In an Order dated January 10, 2012, Defendants' first request for an extension of time was granted.

In their aforementioned motion to dismiss, Defendants now claim that their temporary inability to locate Plaintiff rendered defense counsel unable to depose Plaintiff and unable to serve him with discovery. Defendants also assert that they could not meet the April 13, 2012 deadline for filing a dispositive motion because of their inability to conduct discovery. Therefore, currently before the Court is Defendants' second request for a 120-day extension of time, up to and including August 14, 2012, in which to file a dispositive motion.

Defendants' motion (docket no. 17) pertaining to their second request for an extension of time is GRANTED, and the parties are directed to abide by the briefing schedule outlined below

### CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendants' motion to dismiss (docket no. 17) is DENIED, in so far as it seeks a dismissal of Plaintiff's case pursuant to Rule 41(b).

2. Plaintiff's request for an extension of time in which to respond to Defendants' written discovery requests (docket nos. 26, 35) is GRANTED. Plaintiff must respond to Defendants' written discovery requests within **fourteen (14) days** from the date of this Order.

3. The Court DENIES Plaintiff's second request for appointment of counsel (docket no. 32) and his request to have counsel represent him as his deposition.

4. Plaintiff's request to postpone his deposition (docket nos. 30, 36) is DENIED as moot. Defendants shall notice another deposition of Plaintiff. Plaintiff shall testify at the properly noticed deposition even if he is not represented by counsel. If he does not complete this deposition, the Court will dismiss his claim with prejudice for failure to prosecute under Federal Rule of Civil

Procedure 41(b), failure to comply with a court order under Rule 37(b), and failure to attend his deposition under Rule 37(d).

5. Plaintiff's request for a copy of the Court's Local Rules regarding alternative dispute resolution (docket no. 33) is DENIED as premature.

6. Plaintiff's request for a "complete copy of his case file" (docket nos. 28, 34) is GRANTED in part and DENIED in part, as explained above. The Clerk is directed to send him a copy of his docket sheet with this Order, along with the form for Plaintiff to request copies of a specific document from his case file and make payment for such copies.

7. Defendants' motion (docket no. 17) pertaining to their second request for an extension of time is GRANTED. The time in which Defendants may file a motion for summary judgment will be extended up to and including **August 14, 2012.** Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date Defendants' motion is filed. Defendants shall filed their reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

8. This Order terminates Docket nos. 17, 26, 30, 32, and 36.

IT IS SO ORDERED.

DATED:   July 3, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**